IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | CR 112-238 |
| CHRISTOPHER CEOLINSKI, | * | |
| Defendant. | * | |

## O R D E R

Before the Court is Defendant's motion to set aside and withdraw guilty plea (doc. no. 69) and Defendant's motion to appoint counsel (doc. no. 70). For the reasons set forth herein, the motions are **DENIED**.

On July 2, 2013, Defendant pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and transfer of obscene material to a minor in violation of 18 U.S.C. § 1470. The Court accepted his plea of guilty, finding that it was made freely, voluntarily and knowingly. On March 18, 2014, the Court sentenced Defendant to a total of 186 months of imprisonment.

On March 24, 2014, Defendant filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit from the final judgment entered by this Court on March 18, 2014. That appeal is still pending.

On March 24, 2014, Defendant also filed a motion to set aside and withdraw guilty plea. He argues that "[t]he sentence was contrary to what Defendant had been told to expect." (Def's Mot. ¶ 3.) He insists that his attorney informed him on March 9, 2014, that he would receive only five years imprisonment because of the time he had already served in confinement. (Id. ¶¶ 4-6.) Defendant further alleges that he "would not have entered a guilty plea if he had known he would have received a ten (10) year sentence." (Id. ¶ 7.)

In the Government's response to Defendant's motion, the Government argues that jurisdictional limits prevent the Defendant from withdrawing his guilty plea following sentencing. After the Court imposes a sentence, a defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack. Fed. R. Crim. P. 11(e). Further, a defendant who failed to object to the Rule 11 colloquy or move to withdraw his guilty plea prior to sentencing, must show plain error on appeal. United States v. Chubbuck, 252 F.3d 1300, 1302 (11th Cir. 2001); see United States v. Niles, 2014 WL 187276 (11th Cir.).

In a collateral attack analysis, the United States Supreme Court held that defendants are unable to escape their own sworn admissions during their change-of-plea hearings.

> The representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the fact of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Similarly, the Eleventh Circuit recognizes that statements of a defendant in open court are presumed to be true. See United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987).

Here, Defendant's sworn admissions at his guilty-plea hearing demonstrate that the Court's colloquy adequately advised Defendant of his sentence exposure, and Defendant advised the Court that he had not been promised a particular sentence. Specifically, the Court explained that Defendant would receive a prison sentence for Count IV (receipt of child pornography) of not less than five, nor more than twenty years, and for Count V (transfer of obscene material to a minor) of not more than ten years in prison. Defendant acknowledged that he understood and, after receiving further explanations from the Court on how sentencing would proceed, stated that he had no questions. In short, the record does not support Defendant's alleged ignorance of his sentencing exposure beyond five years.

3

On March 24, 2014, Defendant also filed a motion to appoint counsel. (Doc. no. 70.) In his motion, Defendant states that he is requesting counsel to represent him in the motion to set aside and withdraw guilty plea. His concerns are that he has no money and that his detention facility has no law library. The record reflects, however, that Defendant's retained counsel, Mr. Donald F. Samuel, has continued his representation of Defendant. Defendant's motion to appoint counsel is therefore **DENIED**.

The Court therefore **DENIES** Defendant's motion to set aside and withdraw guilty plea (doc. no. 69), and **DENIES** Defendant's motion to appoint counsel (doc. no. 70).

**ORDER ENTERED** at Augusta, Georgia, this 9th day of October, 2014.

Honorable J. Randal Hall
United States District Judge
Southern District of Georgia